IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RODRIGUEZ, | 1:11-cv-01914-AWI-GSA (PC) |
| Plaintiff, | ORDER DENYING MOTIONS FOR POLYGRAPH TEST AND |
| vs. | APPOINTMENT OF COUNSEL |
| ISAAC, | ( Docs. 10, 11.) |
| Defendant. | |

**I.  BACKGROUND**

Noel Rodriguez ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 17, 2011.  (Doc. 1.)  On December 6, 2012, Plaintiff filed motions for the court to assist him in taking a lie detector test, and to appoint counsel.  (Docs. 10, 11.)

**II.  MOTION FOR ASSISTANCE WITH LIE DETECTOR TEST**

The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress.  See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (citations omitted). The in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by plaintiff in the instant motion. Therefore, Plaintiff's motion for assistance in taking a lie detector test shall be denied, and any costs in arranging and conducting a lie detector test shall have to be paid by the parties.

**III.  MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to

1  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court</u>
2  <u>for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However,
3  in certain exceptional circumstances the court may request the voluntary assistance of counsel
4  pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

5       Without a reasonable method of securing and compensating counsel, the court will seek
6  volunteer counsel only in the most serious and exceptional cases.  In determining whether
7  "exceptional circumstances exist, the district court must evaluate both the likelihood of success
8  of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
9  complexity of the legal issues involved." <u>Id</u>. (internal quotation marks and citations omitted).

10       In the present case, the court does not find the required exceptional circumstances.  At
11  this early stage in the proceedings, the court cannot make a determination that plaintiff is likely
12  to succeed on the merits.  Plaintiff's First Amended Complaint, filed on March 9, 2012, awaits
13  the Court's screening required under 28 U.S.C. 1915.  Thus, to date the Court has not found any
14  cognizable claims in Plaintiff's complaint for which to initiate service of process, and no other
15  parties have yet appeared.  Moreover, based on a review of the record in this case, the Court
16  does not find that Plaintiff cannot adequately articulate his claims.  Therefore, Plaintiff's
17  motion shall be denied without prejudice to renewal of the motion at a later stage of the
18  proceedings.

19  **IV.    CONCLUSION**
20       Based on the foregoing, IT IS HEREBY ORDERED that:
21       1.    Plaintiff's motion for court assistance to take a lie detector test, filed on
22          December 6, 2012, is DENIED; and
23       2.    Plaintiff's motion for appointment of counsel, filed on December 6, 2012, is
24          DENIED without prejudice.

26       IT IS SO ORDERED.
27       Dated:   **December 13, 2012**          /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE