UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CORRECTIONAL COUNSELOR ISAAC,<br><br>　　　　Defendants | Case No. 1:11 cv 01914 AWI GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.    Screening Requirement**

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     **Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Calipatria State Prison, brings this civil rights action against Defendant Isaac, employed by the CDCR as a correctional counselor at CSP Corcoran. Plaintiff claims that Defendant Isaac failed to protect Plaintiff, resulting in an attack upon Plaintiff by known enemies.

Plaintiff alleges that he was a member of the South Side gang, which follows orders from another Hispanic prison gang, the Mexican Mafia. Plaintiff had been "having problems" with both of these groups. Plaintiff had been engaged in physical violence with three of his cellmates over the years, all of them South Side gang members.

On March 12, 2008, Plaintiff was informed by Correctional Counselor O'Bailey that he would be attending a classification hearing. The next day, Plaintiff was informed by the classification committee that South Siders wanted to kill Plaintiff and Plaintiff should be placed in protective custody for his safety. Plaintiff refused protective custody. The committee decided to retain Plaintiff in the Security Housing Unit (SHU) due to security concerns. Plaintiff was assigned to SHU for an indeterminate term.

On August 6, 2008, Defendant Isaac informed Plaintiff that she had confidential information that South Side gang members wanted to kill Plaintiff, and that Plaintiff should be placed in protective custody.  Plaintiff again refused protective custody.  The following day, the committee informed Plaintiff that no security concerns existed.  The committee again asked Plaintiff if any security concerns existed, and Plaintiff said no.  The committee then directed that Plaintiff be transferred to Corcoran.

In November 2008, Plaintiff arrived at Corcoran.  The classification committee released Plaintiff to general population.  On June 1, 2009, Plaintiff was attacked and stabbed by two South Side gang members.  On August 5, 2009, the classification committee decided that security concerns do exist, and that Plaintiff should never have been released to general population.

A.     **Failure to Protect**

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  A prisoner seeking relief for an Eighth Amendment violation must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002).  "Deliberate indifference" has both subjective and objective components.  A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference."  Farmer, 511 U.S. at 837.  Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.

Here, Plaintiff fails to allege facts from which an inference could be drawn that Isaac knew of a specific harm to Plaintiff and disregarded that harm.  Plaintiff concludes that Isaac is liable because he was attacked by inmates associated with the South Side gang.  The only specific conduct charged to Isaac, however, is the allegation that Issac asked Plaintiff if he had

3

any safety concerns, and that Plaintiff said he did not.  There are no facts alleged that create an inference from which Isaac could have inferred that Plaintiff was at risk.  Plaintiff's allegations clearly indicate that Plaintiff himself repeatedly told the committee that he had no security concerns.  Plaintiff must allege facts indicating that Isaac was aware of a specific harm to Plaintiff.  The Ninth Circuit recently held that inmates of opposite gangs placed in a cell with each other, with nothing more, fails to satisfy the Eighth Amendment's standard that prison official must be aware of a specific risk to an inmate.  <u>Labatad v. Corrections Corp. of America</u>, 714 F.3d 1155 (9th Cir. 2013).   The facts alleged suggest that although Plaintiff did fear for his safety, he never communicated that to correctional officials.  There was no specific information that Defendant knew from which she could draw an inference that Plaintiff was subjected to particular threat.

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick</u>, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

4

original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **May 7, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE