UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RODRIGUEZ,<br><br>      Plaintiff,<br><br>    vs.<br><br>ISAAC,<br><br>      Defendant. | 1:11-cv-01914-AWI-GSA-PC<br><br>ORDER FINDING COGNIZABLE CLAIM<br><br>ORDER FOR THIS CASE TO PROCEED AGAINST DEFENDANT ISAAC FOR FAILURE TO PROTECT PLAINTIFF<br>(Doc. 15.)<br><br>ORDER FINDING SECOND AMENDED COMPLAINT APPROPRIATE FOR SERVICE AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS<br>(Doc. 15.)<br><br>THIRTY DAY DEADLINE |

**I.  BACKGROUND**

      Noel Rodriguez ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 17, 2011.  (Doc. 1.)  On March 9, 2012, Plaintiff filed the First Amended Complaint.  (Doc. 6.)  The court screened the First Amended Complaint under 28 U.S.C. § 1915A and entered an order on May 8, 2014, dismissing the First Amended Complaint for failure to state a claim, with leave to amend.  (Doc. 14.)  On May 22, 2014, Plaintiff filed the Second Amended Complaint, which is now before the court for screening.  (Doc. 15.)

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.   SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at Calipatria State Prison (KVSP) in Calipatria, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR).  The events at issue in the Second Amended Complaint allegedly occurred at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran,

California, when Plaintiff was incarcerated there. Plaintiff names as sole defendant Correctional Counselor Isaac ("Defendant"). Defendant was employed by the CDCR at SATF at the time of the events at issue. Plaintiff's factual allegations follow.

Plaintiff was a member of the South Side prison gang, which takes orders from the Mexican Mafia prison gang. Plaintiff had problems with both of these gangs, resulting in Plaintiff engaging in violence with three of his cell mates. Plaintiff was placed in solitary confinement between 1998 and 2008 for attempted murder, attempted battery, and murder.

In March 2008, Plaintiff appeared before a classification committee and was informed by counselor O'Baily [not a defendant] that the South Side prison gang wanted to kill Plaintiff, and Plaintiff should be placed in protective custody. Plaintiff refused protective custody, and the committee decided to retain Plaintiff in solitary confinement due to security concerns.

On August 6, 2008, defendant Isaac informed Plaintiff that she had become aware of confidential information that the South Side gang wanted to kill Plaintiff, and Plaintiff should be placed in protective custody. Plaintiff refused protective custody. Defendant Isaac informed Plaintiff that she would advise the classification committee to keep Plaintiff in solitary confinement due to security concerns.

The following day, the classification committee asked defendant Isaac if security concerns existed. Defendant responded, "No." (Second Amended Complaint, Doc. 15 at 6:9.) The committee asked Plaintiff if any concerns existed. Plaintiff responded, "No." (Id. at 6:11.) The committee decided that since no security concerns existed, Plaintiff would be released to the general population at SATF. On December 16, 2008, Plaintiff was released to the general population.

Several months later, on June 1, 2009, the South Side gang identified Plaintiff as an enemy and attempted to kill him.

On August 5, 2009, the classification committee determined that security concerns did exist, and Plaintiff should never have been placed in the general population.

Plaintiff requests monetary damages.

///

**IV.    PLAINTIFF'S EIGHTH AMENDMENT FAILURE TO PROTECT CLAIM**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health . . . .'" Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834.

Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Based on Plaintiff's allegations, the court finds that Plaintiff states a cognizable Eighth Amendment claim against defendant Isaac for failure to protect him.

## V. CONCLUSION

The Court finds that Plaintiff states a cognizable claim against defendant Isaac for failure to protect him, in violation of the Eighth Amendment. Accordingly, Plaintiff shall be allowed to proceed with the Second Amended Complaint filed on May 22, 2014, on the claim found cognizable by the Court. The Clerk shall be directed to forward to Plaintiff documents for initiation of service of process.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. This action now proceeds on the Second Amended Complaint, on Plaintiff's Eighth Amendment claim against defendant Isaac (Correctional Counselor) for failure to protect him;
2. Service is appropriate for the following defendant:

    **CORRECTIONAL COUNSELOR ISAAC**
3. The Clerk shall send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the Second Amended Complaint filed on May 22, 2014 (Doc. 15);
4. Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

    a. Completed summons;

    b. Completed USM-285 form for defendant Isaac; and

///

        c.      Two (2) copies of the endorsed Second Amended Complaint filed on May 22, 2014;

5.      Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

6.      <u>The failure to comply with this order will result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated:   **March 17, 2015**                              **/s/ Gary S. Austin**
                                                                                          UNITED STATES MAGISTRATE JUDGE