1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RODRIGUEZ, | 1:11-cv-01914-AWI-GSA (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO AMEND |
| vs. | (ECF No. 22.) |
| ISAAC, | |
| Defendant. | |

## I.      BACKGROUND

Noel Rodriguez ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  On November 17, 2011, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  This case now proceeds on Plaintiff's Second Amended Complaint, filed on May 22, 2014, against defendant Isaac for failure to protect Plaintiff, in violation of the Eighth Amendment.  (ECF No. 15.)

On June 29, 2015, Plaintiff filed a motion for leave to amend the complaint.  (ECF No. 22.)  On July 10, 2015, Defendant filed an opposition to the motion.  (ECF No. 29.)

## II.      LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

1

Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  <u>Id.</u> Because Plaintiff has already amended the complaint twice, and he does not have Defendant's consent to amend, Plaintiff requires leave of court to file a Third Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  <u>AmerisourceBergen Corp. v. Dialysis West, Inc.</u>, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  <u>Id</u>.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  <u>Owens v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting <u>Bowles v. Reade</u>, 198 F.3d 752, 757-58 (9th Cir. 1999)).

**<u>Discussion</u>**

Plaintiff seeks to amend the complaint to add evidence of exhaustion of his administrative remedies.  Defendant argues that such amendment would be futile because Plaintiff is not required to affirmatively plead exhaustion, and exhaustion is not presently at issue in this case.  Defendant also argues that such amendment would be futile to cure the arguments in their motion to dismiss.

Defendant's arguments have merit.  Plaintiff is not required to provide evidence in the complaint that he exhausted his administrative remedies.  While Plaintiff *is* required to exhaust his available administrative remedies before filing suit, <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002), the provision of the Prison Litigation Reform Act requiring exhaustion does not impose a pleading requirement, but rather creates a defense, and Defendant has the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997(e)(a); <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007).  In the Second Amended Complaint, Plaintiff asserts that "[p]rison officials failed to respond or exhaust 602 complaints."  (ECF 15 at 2 ¶II.) This statement is sufficient at this stage of the proceedings, and allowing Plaintiff to amend the complaint to add additional information concerning exhaustion of remedies would cause undue

delay in the litigation, prejudicing Defendant.  If Plaintiff is permitted to file a Third Amended Complaint, Defendant will be required to prepare and file another responsive pleading.[1] Further, the amendment sought by Plaintiff would be futile to cure the res judicata and collateral estoppel issues upon which Defendant's motion to dismiss is based.

Based on the foregoing, the court finds that granting leave for Plaintiff to amend the complaint at this juncture would be futile, would only cause undue delay in the litigation, and would prejudice Defendant.  Therefore, Plaintiff's motion for leave to amend shall be denied.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend, filed on June 29, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **July 27, 2015**            **/s/ Gary S. Austin**
                             UNITED STATES MAGISTRATE JUDGE

---

[1] On June 30, 2015, Defendant filed a Motion to Dismiss based on the doctrines of res judicata and collateral estoppel, in response to the Second Amended Complaint.  (ECF No. 23.)