UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RODRIGUEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ISAAC,<br><br>　　　　　　Defendant. | 1:11-cv-01914-AWI-GSA-(PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 31) |

On July 24, 2015, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. At this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits; defendant's motion to dismiss based on the doctrines of res judicata and collateral estoppel is now pending and may dispose of the case. Moreover, based on the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Further, the legal issue in this case – whether defendant failed to protect plaintiff – does not appear complex, and this court is faced with similar cases almost daily. Therefore, plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **July 30, 2015**                    **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE