UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NOEL RODRIGUEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **ISAAC**, <br><br> Defendant. | 1:11-cv-01914-AWI-EPG-PC <br><br> **ORDER DENYING DEFENDANT'S MOTION TO STRIKE** <br> (Doc. 54) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE** <br> (Doc. 53) |

**I.  BACKGROUND**

Noel Rodriguez ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On February 16, 2016, Plaintiff filed an "extraordinary motion" which the Court construes as a motion for reconsideration of the Court's order dated February 5, 2016 granting Defendant's motion for extension of time, and a motion for disqualification of Magistrate Judge Erica P. Grosjean. (Doc. 53.) On March 3, 2016, Defendant filed a motion to strike Plaintiff's "extraordinary motion" as unauthorized. (Doc. 54.) On March 11, 2016, Plaintiff filed an opposition to the motion to strike. (Doc. 55.)

Defendant's motion to strike, Plaintiff's motion for reconsideration, and Plaintiff's motion to disqualify the Magistrate Judge are now before the Court.

## II. MOTION TO STRIKE

Defendant argues that Plaintiff's "extraordinary motion" should be stricken as an unauthorized motion, because the Court's findings and recommendations, issued on December 30, 2015, authorized objections by the parties, but did not authorize any further motions regarding the findings and recommendations.

Defendant's motion to strike shall be denied. Defendant has not cited any authority, and the Court finds none, supporting the argument that the Court's findings and recommendations precludes the parties from filing a motion such as Plaintiff's, seeking reconsideration of a prior order and disqualification of the Magistrate Judge.

## III. MOTION FOR RECONSIDERATION

### A. <u>Legal Standards</u>

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations

marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### B. <u>Plaintiff's Motion</u>

Plaintiff seeks reconsideration of the Court's order of February 5, 2016 which granted Defendant an extension of time to file a reply to Plaintiff's objections to the findings and recommendations. (Doc. 50.) Plaintiff's argues that Defendant's motion for extension of time to file a reply was filed too late, because it was filed after the date the reply was due, and therefore the Court should not have considered it. Plaintiff asserts that Defendant's reply to the objections was due "around January 25, 2016," [but] Defendant waited till Feb 1, 2016 to request an extension." (*Id.* at 3 ¶4.) Plaintiff requests the Court to strike Defendant's motion for extension of time and Defendant's reply to Plaintiff's objections.

Plaintiff's argument is unpersuasive, because Defendant's motion was not filed late. Plaintiff has miscalculated the deadline the reply was due.[1] Moreover, the Court has discretion to grant an untimely motion for extension of time. Fed. R. Civ. P. 6(b)(1)(b).

Plaintiff also argues that the Court granted Defendant's motion for extension of time without considering Plaintiff's opposition. Indeed, Plaintiff filed a timely opposition on February 11, 2016, but the Court had already granted Defendant's motion on February 5, 2016. At this juncture, the Court has reviewed and considered Plaintiff's opposition and is not

---

[1] The findings and recommendations required the parties to file and serve any reply to the objections "within ten days after service of the objections." (Doc. 47 at 12:12-13.) Here, pursuant to Local Rule 135(a), the Court electronically served Plaintiff's objections on January 21, 2016. Ten days after January 21, 2016 is February 1, 2016. Therefore, Defendant's deadline to file a reply was February 1, 2016, not January 25, 2016 under Plaintiff's calculation.

persuaded to change its decision. Plaintiff's opposition is based on the argument that Defendant's motion was untimely, and as discussed above, this argument is without merit.

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

## IV.   DISQUALIFICATION OF THE MAGISTRATE JUDGE

### A.   Legal Standards – U.S.C. § 455

Under 28 U.S.C. § 455(a), "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). 28 U.S.C. § 455(b) provides in relevant part, "[h]e shall also disqualify himself in the following circumstances: [w]here he has a personal bias or prejudice concerning a party . . ." 28 U.S.C. §455(b)(1). A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *Bernard v. Coyne*, 31 F.3d 842, 843(9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." *Id.* (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985)). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (citing *Nicodemus v. Chrysler Corp.*, 596 F.2d 152, 157 & n.10 (6th Cir. 1979)). On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).

The substantive standard is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Pesnell*, 543 F.3d at 1043 (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). However, the bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings. *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). "'Judicial rulings alone almost never constitute a valid basis for a bias

or partiality motion.'"  *In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004) (quoting *Liteky*, 510 U.S. at 555).  "'In and of themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved.'"  *Id.*

### B.    Plaintiff's Motion

Plaintiff seeks disqualification of the Magistrate Judge from participating in this action, and requests a Court order striking the findings and recommendations dated December 30, 2015 and the order dated February 5, 2016 granting Defendant's motion for extension of time. Plaintiff argues that the Magistrate Judge "maliciously abus[ed] her position to get plaintiff's case dismissed, by filing a false findings and recommendations, providing false info in a court order dated 2-4-16, and granting extension of time to an untimely Request." (Doc. 53 at 1.) Plaintiff argues that the findings and recommendations presented false information "that a final Judgement was entered in a previous case and Defendant was a party in that action and Res Judicata Applies in this case." (*Id*. at 3 ¶2.)  Plaintiff contends that the Magistrate Judge's decisions, in the findings and recommendations and the order granting Defendant's motion for extension of time, support Defendant's arguments, and thus the Magistrate Judge abused her power and showed favoritism to Defendant.

### C.    Discussion

Plaintiff's arguments are not sufficient to show personal bias or prejudice by the Magistrate Judge.  Plaintiff's allegation that the Magistrate Judge's orders show favoritism to Defendant is "devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source."  *Sibla*, 624 F.2d at 868.  Plaintiff fails to allege any facts demonstrating that the Magistrate Judge demonstrated prejudice towards Plaintiff.  Plaintiff does not offer any facts supporting his assertion that any of the Magistrate Judge's decisions in this case were made because of extrajudicial prejudice or bias.

Section 455 requires that a judge be *subjectively confident* of his or her ability to be evenhanded.  *Bernard v. Coyne*, 31 F.3d 842, 844 (9th Cir. 1994) (emphasis added).  After careful examination of the circumstances of this case, the Court does not find any bias for or

against any of the parties to this case by the Magistrate Judge. Thus, there are no grounds for recusal on the basis of actual bias. Section 455 also requires that a judge be confident "that an informed, rational, objective observer would not doubt his [or her] impartiality." *Id.* After careful consideration of all the circumstances of this case, the Court finds no reason that the Magistrate Judge's impartiality in this case might reasonably be questioned by an informed, rational, objective observer. Plaintiff's conclusory allegations would not lead a reasonable person to conclude that the Magistrate Judge's impartiality in this case might reasonably be questioned. Accordingly, there is no appearance of bias or prejudice warranting disqualification of the Magistrate Judge in this case.

For the foregoing reasons, Plaintiff's motion to disqualify Magistrate Judge Erica P. Grosjean from participating in this action shall be denied.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike, filed on September 29, 2015, is DENIED; and
2. Plaintiff's motion for reconsideration and motion to disqualify Magistrate Judge Erica P. Grosjean are DENIED.

IT IS SO ORDERED.

Dated:   March 25, 2016                                         
                                        SENIOR DISTRICT JUDGE